UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA C. AHRENS,

    PLAINTIFF,

v.                                                                         CASE NO. 06-10395

JO ANNE BARNHART, COMMISSIONER     HONORABLE SEAN F. COX
OF SOCIAL SECURITY,

    DEFENDANT.
_____/

**OPINION & ORDER
ACCEPTING AND ADOPTING REPORT & RECOMMENDATION**

This social security appeal is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R&R") filed by Magistrate Judge Virginia M. Morgan on August 1, 2006, relating to the parties' cross-motions for summary judgment. In the R&R, Magistrate Judge Morgan recommends that the Commissioner's motion be granted and that the Plaintiff's motion be denied. For the reasons that follow, the Court overrules the objections filed by Plaintiff and shall adopt the R&R.

**BACKGROUND**

Plaintiff Barbara Ahrens brought this action under 42 U.S.C. §405(g) seeking review of the denial of her application for Social Security Disability Benefits. Thereafter, both parties filed cross-motions for summary judgment, which were referred to Magistrate Judge Morgan pursuant to 28 U.S.C. §636(b)(1)(B) & (C). On August 1, 2006, Magistrate Judge Morgan issued her R&R which recommends that Plaintiff's Motion for Summary Judgment be denied. It further recommends that Defendant's Motion for Summary Judgment be granted.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within ten (10) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

Plaintiff filed timely objections to the R&R on August 11, 2006. Plaintiff did not file a brief or memorandum in support of her objections and her objections themselves consist of only one to three sentences each. Defendant filed a Response to the Objections on August 25, 2006.

## ANALYSIS

Plaintiff's objections consist of nine separately numbered objections. Plaintiff objects that the Magistrate Judge failed to state what substantial evidence was in the record that supported the ALJ's decision and improperly attacked the credibility of plaintiff and her treating doctors (Pl.'s Objection No. 1). Similarly, Plaintiff asserts that the Magistrate Judge either misunderstood or misconstrued the objective medical evidence in the file and failed to establish and state even a scintilla of medical evidence to support the ALJ (Pl.'s Objections Nos. 2 & 3). Plaintiff further asserts that the Magistrate Judge failed to recognize Plaintiff's lack of medical insurance and money as reasons for failing for secure prescribed medical care. (Pl.'s Objection No. 4). Plaintiff also objects that the Magistrate Judge took the Plaintiff's activities of daily living out of context and discounted Plaintiff's sons and husband "as being able to or failing to perform domestic tasks in the home." (Pl.'s Objections Nos. 5 & 7). Plaintiff also asserts that the Magistrate Judge relied upon a DDS consultant whose name was illegible and who never

examined the plaintiff as being evidence in support of the ALJ's Decision. (Pl.'s Objection No. 6). Finally, Plaintiffs asserts that the Magistrate Judge took the findings of Dr. Stolz out of context and ignored other findings (Pl.'s Objection No. 8), and misunderstood the medical evidence as to the straight raising test. (Pl.'s Objection No. 9).

To the extent that Plaintiff's objections assert that Magistrate Judge Morgan should have weighed the evidence differently, or that this Court should weigh the evidence differently, such objections are wholly without merit.

The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Secretary of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).

The Court agrees that substantial evidence exists in the record to support the ALJ's decision. The Court further concludes that Plaintiff's objections lack merit.

## CONCLUSION & ORDER

Accordingly, the Court **ACCEPTS** and **ADOPTS** the August 1, 2006 R&R**.  IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED** and Defendant's Motion

for Summary Judgment is **GRANTED. IT IS FURTHER ORDERED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

      **IT IS SO ORDERED**.

                                        s/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: December 27, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record and the Social Security Administration on December 27, 2006, by electronic and/or ordinary mail.

                                        s/Jennifer Hernandez
                                        Case Manager